IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL P. COUTURE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0173 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MICHAEL P. COUTURE. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DENIED.

### I.
### DISCIPLINARY CHARGE

On February 19, 2003, petitioner was charged in case 20030155520 with the following offense description:

> [Petitioner] intentionally participated with (offenders Brown and Jones) in refusing to return to their cells and created a danger of damage to property and injury to persons and substantially obstructed the performance of unit operations by causing chow to be stopped and the unit be partially locked down.

On February 21, 2003, the prison disciplinary hearing officer (DHO) conducted a disciplinary

proceeding wherein petitioner was found guilty of the disciplinary offense of disobeying an order, and was punished with the forfeiture of eighty-nine (89) days previously accrued good time credits.[1] In the disciplinary report, the DHO indicated he relied on the charging officer's report and testimony in determining petitioner was guilty of the charged disciplinary offense.

Petitioner filed Step 1 of the Offender Grievance process, which was denied on April 1, 2003 on the basis that "no procedural errors were found" and "sufficient evidence was presented to support a guilty verdict." Petitioner also filed Step 2 of the Offender Grievance process which was denied on April 28, 2003 with the following findings:

> Major disciplinary case # 20030155520 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. You had one witness statement, not 54 and it was admitted into the hearing record. Your statements in the grievance and your witness statement support the charge. By your own admission in the grievance you were trying to get your property, which means you were not standing in front of your cell as you tried to claim later. The elements of this charge have been met and no errors are noted. No further action is warranted in this matter.

Petitioner filed the instant federal application for habeas corpus relief on June 27, 2003.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20030155520 in the following respects:

1. Officer Norris was not contacted for the disciplinary hearing;

2. Six offenders wanted paperwork and somehow this was turned into 40 cases of inciting a riot;

3. Officer Stubblefield created "facts" *i.e.* there was no riot;

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

4. It is unwritten policy of TDCJ that a prisoner can be convicted solely on the charging officer's report;

5. Petitioner obtained 54 witness statements but not one of these witnesses was present at his hearing;

6. Petitioner requested Officer Litz as a witness but he was not called;

7. Officer Gilmore randomly chose which offenders would be written up;

8. Officer Gilmore originally wrote the 47 disciplinary cases as failure to obey an order charges but these were later upgraded to inciting a riot;

9. Counsel substitute informed petitioner that the warden would be taking the officer's side thus any appeal through the grievance procedure would be unsuccessful;

10. Officer Stubblefield refused to answer questions at the hearing;

11. Petitioner requested Officer Hendricks as a witness but he was not called;

12. Forty offenders were written up in an obvious attempt to solve a quota problem *i.e.* to fill 40 beds in the high security area; and

13. Petitioner's Step 2 grievance was inadequately reviewed and was "totally off the mark."

## III.
## STATE COURT CONVICTIONS

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment out of the 177th Judicial District Court of Harris County, Texas and the resultant 15-year sentence. Elaboration of the specifics of petitioner's state court conviction and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

## IV.
## MERITS

In order to prevail in a federal habeas corpus proceeding, a petitioner must show his due process rights were violated during the state prison disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

It is the law of the Fifth Circuit that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of <u>some</u> facts, or <u>any</u> evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Consequently, in order to prevail in a challenge to a disciplinary proceeding by way of federal habeas corpus, a petitioner must establish that there was <u>no</u> evidence to support the disciplinary adjudication.

Petitioner's Grounds 1, 5, 6 and 11

In this case, petitioner appears to aver that his due process rights were violated under Section (2) listed above, because he was denied an opportunity to call witnesses when such presentation was not unduly hazardous to institutional safety or correctional goals. Specifically, petitioner alleges he was denied the right to call as witnesses Officers Norris, Litz, and Hendricks, and was denied the right to call 54 offenders from whom he had obtained witness statements.

Petitioner is not entitled to relief on the basis of a denial of these witnesses. The right to call witnesses at a prison disciplinary hearing is not absolute. Prison officials may deny a request when the projected testimony is irrelevant, is unnecessary, or creates a hazard to institutional safety or correctional goals. In *Ponte v. Real*, 471 U.S. 491, 499, 105 S.Ct. 2192, 2197, 85 L.Ed.2d 553 (1985), the Supreme Court remarked that the discretion of prison officials was so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses] . . . will rarely, if ever, be successful." This case does not present one of those rare instances where the denial of witnesses, if such was erroneous, justifies relief to petitioner.

Except for officer Litz, petitioner has not proffered what these witnesses were expected to testify about and consequently, has shown no prejudice. According to respondent and to the disciplinary hearing tape, petitioner only requested officer Litz at the hearing. (Respondent's Answer at 10). While the officer did not appear, his witness statement was introduced. Petitioner has acknowledged the witness statement of officer Litz was presented at the hearing, but petitioner maintains officer Litz, if called to testify, "should clear me of all charges if contacted." Petitioner's statement in this regard is conclusory. Officer Litz's "testified" through his witness statement by saying, "There were no offenders standing by their cell doors attempting to get in prior to staff arrival....Offenders were mad because their property had been taken up out of the D/R [day room] and they wanted their property back." (Respondent's Answer, Exhibit B at 8). Petitioner's contention that he was beside his cell was thus refuted by officer Litz and petitioner has made nothing more than a conclusory allegation that officer Litz would have changed his story if called to testify in person. Even assuming, for purposes of argument, that petitioner properly requested all these witnesses, he has not shown they were wrongfully excluded, and he has absolutely failed to show how he was prejudiced by such exclusion. Petitioner's allegations are

conclusory and should be denied.

Petitioner's Grounds 2, 3, 4, 7, 8, 9 and 12

Each of petitioner's arguments are based on the premise that there was insufficient evidence presented at the disciplinary hearing to sustain the finding of guilt *i.e.* there was no riot (grounds 2 and 3), that his conviction was based solely on the charging officer's report (ground 4), that offenders were randomly charged in this case (ground 7), that the 47 cases originally filed as failure to obey an order were upgraded to inciting a riot (ground 8), that petitioner was told his appeal would be denied because the warden was siding with the charging officer (ground 9), and that all offenders were written up in an attempt to satisfy a bed quota (ground 12) .

In a habeas corpus action, this Court may not re-weigh the evidence presented at a prison disciplinary proceeding hearing. Instead, it is this Court's sole obligation to review whether the finding of guilt had the support of <u>some</u> facts. If there is <u>any</u> evidence at all to support the disciplinary adjudication, this Court must affirm the ruling, regardless of whether this Court would have held similarly.

The DHO's decision was based upon the charging officer, Stubblefield's report. Moreover, officer Stubblefield testified at the hearing and positively identified Couture as a participant in the incident. (Respondent's Answer, Exhibit B at 11). Clearly there was <u>some</u> evidence to support the DHO's finding of petitioner's guilt of the charged offense. Consequently, this Court must uphold the finding of guilt and assessment of punishment as petitioner has not meet his burden of showing there was <u>no</u> evidence supporting the disciplinary adjudication. Petitioner is not entitled to federal habeas corpus relief.

Petitioner's Ground 10

In this claim, petitioner alleges his counsel substitute questioned officer Stubblefield at the hearing but that the officer failed to respond. Specifically, petitioner avers substitute counsel

asked officer Stubblefield what petitioner's involvement in the incident was and that the officer "failed to answer." A review of the hearing tape clearly shows this allegation to be inaccurate. Counsel substitute asked officer a series of questions including a question about petitioner's involvement. While the officer's answer is not entirely audible on the hearing tape, it is evident the officer answered the question and had, in the series of question and answer, identified petitioner and recounted petitioner's involvement for the hearing officer. This claim is without merit.

### Petitioner's Ground 13

Finally, petitioner Couture has alleged there was an inadequate review of his Step 2 grievance and that such was "totally off the mark." Petitioner contends that if such had been properly reviewed, the finding of guilt would have been overturned. Petitioner then re-urges the same complaints he presented in Grounds 1 through 12. For the reasons stated *supra*, such complaints are without merit, and petitioner has failed to show the Step 2 grievance was inadequate. Moreover, as argued by respondent, petitioner is not entitled to due process protections during the grievance review, such is not required by *Wolff*.

Petitioner has not shown the challenged forfeiture of eighty-nine (89) days accumulated good conduct time was in violation of the United States Constitution. Consequently, the undersigned finds the instant habeas application should be denied on the merits.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MICHAEL P.

COUTURE is without merit and should be, in all things, DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>8th</u> day of July 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).